UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

ANGELA PALMER, WARREN PALMER, and )
A.R. PALMER, )
 )
      Petitioners, )
 )
v. )   No. 3:07-mc-23
 )   (Phillips)
UNITED STATES OF AMERICA, )
 )
      Respondent. )

## MEMORANDUM OPINION

On October 10, 2007, petitioners filed a petition to quash summonses issued by the Internal Revenue Service (IRS) to AmSouth Bank and SunTrust Bank [Doc. 1]. The United States has responded in opposition and has moved to dismiss the petition [Doc. 5]. Petitioners have failed to timely respond to the government's motion, thus, their failure to do so is deemed a waiver of any opposition to the relief sought by the government. *See* LR 7.2. For the reasons which follow, the government's motion will be granted.

According to the government's memorandum filed in support of its motion, petitioners are the subject of an on-going investigation by the IRS relating to failure to file tax returns. As part of its investigation, a special agent of the IRS issued summonses to AmSouth Bank and SunTrust Bank. Consequently, petitioners filed the pending petition to quash the summonses.

26 U.S.C. § 7602 provides:

For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability, the Secretary or his delegate is authorized –

(1) To examine any books, papers, records or other data which may be relevant or material to such inquiry;

(2) To summon the person liable for tax or required to perform the act, or any officer or employee of such person, or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act, or any other person the Secretary or his delegate may deem proper to appear before the Secretary or his delegate at a time and place named in the summons and to produce such books, papers, records or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry; and

(3) To take such testimony of the person concerned, under oath, as may be relevant or material to such inquiry.

In *Powell v. United States,* 379 U.S. 48 (1964), the Supreme Court set out factors for determining whether administrative summons are valid. The Court stated that the Commissioner must "show that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the Commissioner's possession, and that the administrative steps required by the Code have been followed – in particular, that the Secretary or his delegate, after investigation, has determined the further examination to be necessary and

has notified the taxpayer in writing to that effect." *Id.* at 57-58. Here, the record reflects that the *Powell* factors are satisfied.

First, in furtherance of his investigation of petitioners and under 26 U.S.C. § 7602, on September 26, 2007, Special Agent Bruce McMillan issued and directed the service of administrative summonses upon SunTrust Bank and AmSouth Bank. The summonses directed SunTrust Bank and AmSouth Bank to give testimony and to produce for examination certain books, papers, records or other data described in the summonses. A description of the types of books, papers, records and other data sought is included in the summonses, and they specifically request information pertaining to Angela Palmer, Warren Palmer, and A.R. Palmer in connection with the tax years 2002, 2003, 2004, 2005 and 2006.

Second, the books, records, papers or other data that are sought by the summonses are not already in the possession of the IRS. All administrative steps required by the IRS for issuance of the summonses have been followed. The testimony and examination of the books, records, papers or other data sought by the summonses is necessary in order to determine petitioners correct income and tax liability for the years 2003, 2004 and 2005. Last, the record shows that the IRS has not made a recommendation to the Department of Justice for a grand jury investigation or for the criminal prosecution of petitioners for the tax years under investigation.

Once the government has made the requisite showing, the burden shifts to the taxpayer to demonstrate that it would be an abuse of the court's process to enforce the summons. *See United States v. Will,* 671 F.2d 963, 966 (6th Cir. 1982). In *Powell,* the Court said that "such an abuse would take place if the summons had been issued for an improper purpose, such as to harass the taxpayer or to put pressure on him to settle a collateral dispute, or for any purpose reflecting on the good faith of the particular investigation." *Powell*, 379 U.S. at 58. Petitioners have presented no evidence of an improper motive for the issuance of the summonses by the IRS, nor have they alleged that they are being pressured to settle a collateral dispute.

Petitioners' first argument appears to be that the IRS is prohibited by the Fourth Amendment from issuing and obtaining information pursuant to an administrative summons. This argument is without merit. It is well settled that the IRS need not establish probable cause in order to obtain enforcement of a summons. *See United States v. Feminist Federal Credit Union,* 635 F.2d 529, 530 (6th Cir. 1980). Further, the Fourth Amendment rights of a taxpayer are not involved when a summons is issued to a third party. *Id. citing Donaldson v. United States,* 400 U.S. 517 (1971) (IRS summons directed to third party does not trench upon any interests protected by the Fourth Amendment). A summons directed to a third party bank or credit union does not violate the Fourth Amendment rights of the depositor under investigation because the records belong to the financial institution and not to the depositor. *United States v. Aquinas College Credit Union,* 635 F.2d 887, 888 (6th Cir. 1980); *United States v. Weingarden,* 473 F.2d 454, 458 n. 4 (6th

Cir. 1983).  Moreover, when a person communicates information to a third party even on the understanding that the communication is confidential, he cannot object if the third party conveys that information or records thereof to law enforcement authorities.  *S.E.C. v. Jerry T. O'Brien, Inc.,* 467 U.S. 735, 743.  Accordingly, petitioners' Fourth Amendment rights are not implicated by the issuance of the summonses to AmSouth Bank and SunTrust Bank.

Petitioners next argue that the language of 26 U.S.C. § 7602 is "misleading," and that petitioners do not fall within the "classes subject to the summons and examination authority of Respondent."  This argument is also without merit.  The authority to tax has always been an inherent power given to Congress, and with that authority must also go the power to enforce the collection of taxes.  *See McCulloch v. Maryland,* 17 U.S. 316 (1819); *United States v. McMillan,* 755 F.2d 65, 67 (6th Cir. 1984).  Congress, in turn, has granted authority to the IRS to enforce the internal revenue laws and related statutes, which permits the IRS to inquire about all persons who may be liable to pay any internal revenue tax.  *See United States v. LaSalle Nat'l Bank,* 437 U.S. 298, 308 (1978).

The authority given to the IRS includes the authority to issue summonses under § 7602, which "authorizes the IRS to summon certain persons and data for the purpose of determining the liability of any person for any internal revenue tax."  *United States v. Norwood,* 420 F.3d 888, 892 (8th Cir. 2005).

In this case, the IRS is investigating the Federal income tax liability of petitioners for the years 2003 through 2005. Petitioner Angela Palmer did not file returns for any of the years in question. The summonses issued to AmSouth Bank and SunTrust Bank request information that will potentially assist the IRS in determining the true and correct amounts of all income received by Palmer during the years in question. As petitioners have been unable to carry their burden of showing that the court will abuse its process in enforcing the summonses, the court finds that petitioner's motion to quash the summonses lacks merit. Accordingly, the government's motion to dismiss the petition to quash IRS summonses is **GRANTED.**

**ENTER:**

     s/ Thomas W. Phillips
United States District Judge